

# In the Missouri Court of Appeals
## Eastern District

**DIVISION FOUR**

| | | |
|---|---|---|
| ROBUST MISSOURI DISPENSARY 3, LLC, | ) ) ) | No. ED112642 |
| Appellant, | ) ) | Appeal from the Circuit Court of St. Louis County |
| v. | ) ) | Cause No. 23SL-CC04301 |
| ST. LOUIS COUNTY, MISSOURI, ET AL., | ) ) ) | Honorable Brian H. May |
| Respondents. | ) | Filed: November 12, 2024 |

Robust Missouri Dispensary 3, LLC appeals the circuit court's judgment declaring that Article XIV, § 2 of the Missouri Constitution authorizes St. Louis County and St. Charles County to impose a retail sales tax on marijuana dispensaries located in incorporated areas of the county. The constitutional provision authorizes "any local government" to impose a three percent sales tax on marijuana sold at retail after putting the issue to a vote. A "local government" is defined as "in an incorporated area, a village, town, or city and, in the case of an unincorporated area, a county." Art. XIV, sec. 2.2(12). The definition of "local government" unambiguously provides that, in an incorporated area, the municipality is the "local government" authorized to impose a sales tax while in unincorporated areas the county is the "local government" authorized to impose a sales tax. The circuit court erred by entering its judgment declaring St. Louis County

and St. Charles County are authorized to impose a sales tax on marijuana dispensaries located in incorporated areas within their counties. The judgment is reversed.

## Background

In 2022, Missouri voters amended the Missouri Constitution and legalized the recreational use and possession of marijuana. This amendment allowed "the commercial production and distribution of marijuana under a system that licenses, regulates, and taxes the businesses involved while protecting public health." Art. XIV, sec. 2.1.

Each licensed retail marijuana business is required to collect a six percent state tax on the retail sale of non-medical marijuana. Art. XIV, sec. 2.6(1). Additionally, "the governing body of any local government is authorized to impose, by ordinance or order, an additional sales tax in an amount not to exceed three percent on all tangible personal property retail sales of adult use marijuana sold in such political subdivision." Art. XIV, sec. 2.6(5).

In April 2023, the voters in the City of Florissant voted to impose a three percent sales tax on retail sales of marijuana. On the same day, St. Louis County's voters passed a proposition to impose a three percent sales tax on retail sales of marijuana sold in St. Louis County.

Robust operates a marijuana dispensary in Florissant. Florissant is an incorporated city in St. Louis County. Robust collected and remitted the three percent sales tax imposed by Florissant. However, in October 2023, the Missouri Department of Revenue issued Robust a sales tax change notification letter. This letter informed Robust it was required to remit the three percent St. Louis County sales tax in addition to the three percent sales tax imposed by Florissant.

Robust filed a declaratory judgment suit against St. Louis County and the Director of Revenue. Robust sought a declaration that Article XIV: (1) does not authorize a county to

2

impose an additional sales tax when the dispensary is located within the boundaries of an incorporated village, town, or city, and (2) authorizes a county to impose a retail sales tax only at a dispensary located in an unincorporated area of that county. Robust also sought an injunction to prohibit the Director of Revenue from collecting St. Louis County sales tax at Robust. St. Charles County filed a motion to intervene on the grounds its voters also passed a proposition to impose a three percent sales tax on retail sales of marijuana sold in St. Charles County. St. Charles County sought to defend the lawfulness of its tax ordinance because there were common questions of law and fact. The circuit court sustained St. Charles County's motion.

St. Charles County then filed its answer and cross-petition for declaratory judgment and injunctive relief against the Director. St. Charles County requested the circuit court declare that a county could collect a retail sales tax on adult use marijuana on any dispensary located within the county's geographical boundaries in addition to any sales tax imposed by an incorporated village, town, or city within that county.

Robust, St. Louis County, and St. Charles County all filed motions for summary judgment. There were no disputed issues of material fact.

The circuit court entered its judgment overruling Robust's summary judgment motion and sustaining the Counties' summary judgment motions. The circuit court's judgment declared that the definition of "local government" must include a county as to both incorporated and unincorporated areas to avoid an "absurd" interpretation. The circuit court declared that the Counties were authorized constitutionally to enact a retail sales tax in addition to the retail sales tax of a village, town, or city incorporated within that county. Robust appeals.

3

**Standard of Review**

Appellate review of the grant of summary judgment is *de novo*. *Sachtleben v. Alliant Nat'l Title Ins. Co.*, 687 S.W.3d 624, 629 (Mo. banc 2024). "Summary judgment is proper if the moving party establishes there is no genuine issue as to the material facts and the movant is entitled to judgment as a matter of law." *Id*. This Court reviews "the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The party against whom summary judgment was entered is accorded the benefit of every doubt. "That party is entitled to all reasonable inferences from the record." *Templeton v. Orth*, 685 S.W.3d 371, 374 (Mo. banc 2024).

**Analysis**

This Court reviews the meaning of constitutional text *de novo*. *Faatz v. Ashcroft*, 685 S.W.3d 388, 400 (Mo. banc 2024). This Court's interpretation of constitutional text requires application of the plain and ordinary meaning of the language at issue. *Allsberry v. Flynn*, 628 S.W.3d 392, 395 (Mo. banc 2021). "Constitutional construction is not required if the words at issue are plain and unambiguous." *Saint Louis Univ. v. Masonic Temple Ass'n of St. Louis*, 220 S.W.3d 721, 726 (Mo. banc 2007).

The question before this Court is whether a county may impose an additional three percent sales tax on recreational marijuana sold within an incorporated municipality located within the county.[1] Article XIV, § 2.6(5) of the Missouri Constitution provides that "the governing body of any local government is authorized to impose, by ordinance or order, an additional sales tax in an amount not to exceed three percent on all tangible personal property

---

[1] No one disputes that Florissant may impose the three percent tax.

retail sales of adult use marijuana sold in such political subdivision." Because the constitution vests the power to impose the three percent tax in the relevant local government, the logical starting point for the analysis is to determine whether the county is a "local government," as that term is used in Article XIV, § 2, within an incorporated area.

The definition of "local government" turns on whether an area is incorporated or unincorporated. Article XIV, § 2.2(12) states, "'Local government' means, in the case of an incorporated area, a village, town, or city and, in the case of an unincorporated area, a county." The plain, unambiguous text of this constitutional provision means, that in an incorporated area like Florissant, the village, town, or city is the "local government," not the county.

Nevertheless, the Counties assert that Article XIV, § 2.2(12) makes both the incorporated municipality and the county in which the incorporated entity is located the local governments because the provision uses the conjunction "and." This argument suffers from several serious defects. First, it wholly discounts the phrase "in the case of an unincorporated area" that appears immediately before the words "the county." Were this Court to read Article XIV, § 2.2(12) as the Counties urge, the phrase would be rendered superfluous. Second, the Counties' argument forgets that the provision contains a list of the entities that can be a local government within an incorporated area. That list includes a "village, town, or city," which, not coincidentally, are the three types of incorporated municipal entities recognized by the Revised Statutes of Missouri. That list does not include a county.

The plain language of Article XIV, § 2.6(5) also confirms the constitutional definition of "local government" authorizes taxation by a single local government. Article XIV, § 2.6(5) provides "the governing body of *any local government* is authorized to impose, by ordinance or order, an additional sales tax in an amount not to exceed three percent on all tangible personal

property retail sales of adult use marijuana sold in *such political subdivision*." (Emphasis added). While "any" can relate to either singular or plural nouns, in this amendment, it modifies the singular noun "subdivision." Consistent with the constitutional definition of "local government," the word "any" refers to the singular local government with taxing authority, not all local governments in general.

Alternatively, the Counties argue that, even if they are not technically a local government within an incorporated area, they still may impose an additional three percent tax on marijuana sales there because Article XIV, §2.65(5) allows "any local government" to impose such a tax within "such political subdivision." In other words, the Counties argue that because they are local governments in the unincorporated areas of their geographical boundaries, they may impose a tax anywhere within their geographical boundaries. This argument is unpersuasive because the constitutional language provides that only a "local government" may impose the additional tax, and within the geographic boundaries of any incorporated area, the Counties are not the local government as defined by Article XIV, § 2.2(12).

The plain language of Article XIV is unambiguous. Only one local government is authorized to impose an additional three percent sales tax. Robust is entitled to judgment as a matter of law.[2]

Because Robust is entitled to judgment as a matter of law, this Court is authorized to enter the judgment the circuit court should have entered and dispose of the case. Rule 84.14. This

---

[2] The Counties argue that reading "local government" as this Court has done would lead to the effective nullification of county ordinances regarding health and welfare as those ordinances are applied to marijuana dispensaries. But those issues are not before this Court. Each such ordinance would need to be evaluated on its own merits. The extent to which Article XIV, § 2, may affect (or more likely not affect) some other ordinance is not before this Court. The only issue before this Court is the taxing authority granted by Article XIV, § 2.6(5).

Court is not required "to remand the case for further proceedings because no purpose would be served by additional proceedings, as the material facts are not in dispute." *Mallard Pointe Lot Owners Ass'n, Inc. v. Flynn*, 680 S.W.3d 566, 574 (Mo. App. 2023); *See also Salamun v. Camden Cnty. Clerk*, 694 S.W.3d 424, 432 (Mo. banc 2024).[3]

## Conclusion

For the foregoing reasons, the circuit court's judgment sustaining the Counties' motions for summary judgment and overruling Robust's motion for summary judgment is reversed. This Court enters judgment in Robust's favor, pursuant to Rule 84.14, and enjoins the further collection of retail sales taxes by multiple local governments.

_____
John P. Torbitzky, P.J.,

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.

---

[3] St. Charles County also argued that Robust lacked standing to appeal the judgment entered in favor of St. Charles County because Robust was not located in that County and, as a result, was not aggrieved by the judgment. St. Charles County sought intervention in this case, arguing that Robust's requested declaratory judgment would affect all counties. Similarly, the declaration requested by St. Charles County and ultimately entered by the court had a wide-reaching effect implicating all municipalities and the dispensaries located therein. As a result, to the extent St. Charles County had standing to intervene in a St. Louis County circuit court proceeding to assert its rights, Robust was aggrieved by the judgment that directly affected its operations. *See Robinson v. Missouri Dep't of Health & Senior Servs.*, 672 S.W.3d 224, 229 (Mo. banc 2023).